# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6985 | **DATE** | 10/29/2002 |
| **CASE TITLE** | Consumer Benefit Services, Inc. vs. Encore Marketing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing re-set for 11/26/02 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Plotnick and Klein's Motion to Dismiss the Second Amended Complaint for lack of personal jurisdiction is denied. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Plotnick and Klein have 10 days, by or on 11/8/02, to answer CBS's Second Amended Complaint. Status hearing set for 11/1/02 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | OCT 3 0 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 54 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH/ | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CONSUMER BENEFIT SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 6985 |
| | ) | |
| v. | ) | Honorable Amy J. St. Eve |
| | ) | |
| ENCORE MARKETING INTERNATIONAL, | ) | |
| INC., STANLEY D. PLOTNICK AND | ) | |
| STEPHEN KLEIN, | ) | **DOCKETED** |
| | ) | OCT 3 0 2002 |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Stanley D. Plotnick and Stephen Klein have moved to dismiss Plaintiff's Second Amended Complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Defendants Plotnick and Klein argue that the Court lacks personal jurisdiction over them under the fiduciary shield doctrine. For the reasons set forth below, Defendants' motion is denied.

## FACTUAL BACKGROUND

Plaintiff Consumer Benefits Services, Inc. ("CBS"), an Illinois corporation, originally brought this action against Defendant Encore Marketing International, Inc. ("Encore"), a Delaware corporation. On August 8, 2002, Plaintiff sought leave to file a Second Amended Complaint naming two officers of Encore – Plotnick and Klein – as defendants, and the Court granted Plaintiff's motion. (R. 35-1.) The Second Amended Complaint alleges violation of the Lanham Act, 15 U.S.C. § 1121, violation of the Uniform Deceptive Trade Practices Act, 815

1

ILCS 510/1, *et. seq.*, conversion, tortious interference with prospective economic advantage, breach of contract and unjust enrichment. (R. 36-1.)

Neither Plotnick nor Klein is a citizen of Illinois. Both are citizens of Maryland. (*Id.*, Second Am. Compl. ¶ 2.) Plotnick and Klein are officers and directors of Defendant Encore. Specifically, Plotnick is the Chief Executive Officer and Klein is the President. (R. 47-1, Defs.' Mot. to Dismiss, Ex. A ¶ 3; *Id.* Ex. B ¶ 3.) They both serve on Encore's board of directors, which consists of four directors. (*Id.* Ex. A ¶ 6; *Id.* Ex. B ¶ 6.) Neither defendant has traveled to Illinois to conduct business in his personal capacity. (*Id.* Ex. A ¶ 3; *Id.* Ex. B ¶ 3.)

CBS is "engaged in the business of operating a Shopping/Quoting service to provide quotations on brand name products to its members who may purchase those items at favorable prices." (R. 36-1, Second Am. Compl. ¶ 1.) Under the terms of a contract between CBS and Encore, Encore agreed to market CBS's discount shopping program -- "Preferred Shopper's Edge Program." (*Id.* ¶ 7.) The Second Amended Complaint alleges that Encore – without CBS's knowledge or agreement – created a competitor to CBS's Preferred Shopper's Edge Program, improperly converted CBS's members to Encore's shoppers discount club and failed to pay CBS profits as directed under their contract. (*Id.* ¶¶ 11-13, 18.) CBS further alleges that these actions were "directed and controlled by Plotnick and Klein." (*Id.* ¶ 11.) In addition, CBS alleges that:

> Encore['s] acts alleged in this Complaint were undertaken by the willful and knowing direction of, with the consent of, and actively participated in by, Defendants Klein and Plotnick. Defendants Plotnick and Klein have a financial interest in the misconduct alleged in this Second Amended Complaint. Although Encore has reportedly lost millions of dollars per year in recent years and maintains insufficient cash reserves, Encore has increased the salary of Defendants Klein and Plotnick to approximately $430,000 per year.

2

(*Id.* at ¶ 18.)

Plotnick and Klein are both shareholders in Encore. The parties dispute, however, the amount of shares that each defendant owns. The Second Amended Complaint alleges that "Defendants Klein and Plotnick collectively own 61.8% of the shares of Encore's common stock and control certain voting rights to an additional 28.1% of the common stock of Encore." (R. 36-1, Second Am. Compl. ¶ 18.) Plotnick, in his affidavit, states that:

> there are 4,410,960 shares of Encore common stock issued and outstanding, held by approximately 227 different shareholders. I own 1,433,349 of those shares (32.49%). If all currently exercisable options were exercised, and all convertible preferred shares were converted, there would be a total of 7,102,472 issued and outstanding common shares. In those circumstances, I would own 2,095,105 shares (29.49%).

(R. 47-1, Def.s' Mot. to Dismiss, Ex. A ¶ 5.) Klein contends that he owns 897,749 (20.35%) of Encore's common stock and would own 1,548,249 shares (21.79%) if he exercised all of his options. (*Id.* Ex. B ¶ 5.)

## ANALYSIS

### I. Legal Standard

When a defendant files a motion to dismiss a case for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of personal jurisdiction over the defendants. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In assessing such a motion, "[t]he allegations in [the] complaint are to be taken as true unless controverted by the defendants' affidavits; and any conflicts in the affidavits are to be resolved in [the plaintiff's] favor." *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

3

## II. The Fiduciary Shield Doctrine

In a diversity action, the Court has jurisdiction over parties "only if an Illinois state court could have such jurisdiction." *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). In Illinois, the "fiduciary shield doctrine" precludes courts from exercising jurisdiction over a non-resident corporate official when the only contacts that individual has with Illinois are made in his or her corporate capacity. *See Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994) ("This doctrine . . . denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal.") (internal citations omitted). The Illinois Supreme Court has stated that where an individual defendant's conduct in Illinois "was a product of, and was motivated by, his employment situation and not his personal interests, . . . it would be unfair to use this conduct to assert personal jurisdiction over him as an individual." *Rollins v. Ellwood*, 141 Ill.2d 244, 280, 565 N.E.2d 1302, 1318 (Ill. 1990).

Defendants argue that the fiduciary shield doctrine applies and defeats personal jurisdiction over them because their actions in Illinois were limited to acts performed on behalf of Encore. Defendants claim that they are separate and distinct from Encore and deserve the protection of the doctrine. Plaintiff, on the other hand, contends that the fiduciary shield doctrine does not apply because Defendants Plotnick's and Klein's alleged misconduct was motivated by their own personal gain and because their actions were discretionary.

The fiduciary shield doctrine is discretionary or equitable, rather than an absolute entitlement. *See Burnhope v. National Mortgage Equity Corp.*, 208 Ill.App.3d 426, 439-40, 567 N.E.2d 356, 363-64 (1st Dist. 1990). Courts have recognized two exceptions to the doctrine: "(1)

4

the shield is removed if the individual's personal interests motivated his actions, and (2) the shield generally does not apply when the individual's actions are discretionary." *Jones v. Sabis Educ. Sys., Inc.*, 52 F.Supp.2d 868, 883 (N.D. Ill. 1999) (citations omitted); *Netzky v. Fiedler*, No. 00 C 4652, 2001 WL 521396, at *1 (N.D. Ill. May 15, 2001); *Plastic Film Corp. of Am., Inc. v. Unipac, Inc.*, 128 F.Supp.2d 1143, 1147 (N.D. Ill. 2001). *But see Robinson v. Sabis Educ. Sys., Inc.*, 1999 WL 412642, at *3 (N.D. Ill. May 28, 1999) (questioning whether these exceptions exist without the corporation also being a sham entity).[1]

The personal interest exception focuses on whether an individual's actions at issue in a case were motivated by his or her personal, such as financial, interests. *See Pope v. Vogel*, 1998 WL 111576, at *4 (N.D. Ill. Mar. 5, 1998) ("The fiduciary shield doctrine does not apply, however, when the nonresident is pursuing his own personal interests, rather than those of his employer") (citations omitted); *Cargo Pacific Logistics, Inc. v. Concord Express, Inc.*, 1997 WL 106241, at *4 (N.D. Ill. Feb. 6, 1997) (denying application of fiduciary shield doctrine where defendant acted in personal interests).

In assessing the discretionary actions exception, courts analyze the "extent of a nonresident defendant's discretion." *Brujis v. Shaw*, 876 F.Supp. 975, 979 (N.D. Ill. 1995). In *Brujis*, for example, the court declined to apply doctrine where defendants were both "senior corporate officers in a position to decide whether those [Illinois] contacts should be made at all." *Id.* at 980. *See also Shapo v. Engle*, No. 98 C 7909, 1999 WL 1045086, at *22 (N.D. Ill. Nov.

---

[1] Plaintiff also argues that the doctrine does not apply because Plotnick and Klein acted in the name of a sham corporation, namely Encore. *See Robinson*, 1999 WL 412642, at *3. Given the defendants' high-ranking position in Encore and the allegations that the actions were taken for their personal interests, it is unnecessary for the Court to address this issue.

12, 1999) (refusing to apply fiduciary shield doctrine where defendants were high-ranking officers). *But see Robinson*, 1999 WL 412642, at *4 (applying fiduciary shield to general counsel and vice president of corporation where they acted solely in their capacity as employees).

In determining the applicability of the fiduciary shield doctrine to corporate officers and directors, courts often look at these two exceptions conjunctively rather than exclusively. Specifically, they focus on whether a defendant who is in a high-ranking position and has decision making authority also has a personal financial interest. As one court noted, the doctrine does not protect "an individual who is a high-ranking company officer or shareholder [who] has a direct financial stake in the company's health." *See R-Five, Inc. v. Sun Tui, Ltd.*, No. 94 C 4100, 1995 WL 548633, at * 5 (N.D. Ill. Sept. 12, 1995) (personal jurisdiction existed where defendant "was president, board member, and (most importantly) shareholder of corporation" and "was not merely obeying the orders of his superiors."). *See also Margulis v. Medical Parts Int'l Inc.*, 1999 WL 183648, at *5 (N.D. Ill. Mar. 25, 1999) ("the fiduciary shield defense is unavailable to high-ranking company officers and shareholders" because these individuals "have a direct financial stake in the company's health and therefore can be subjected to personal jurisdiction for actions that result in both personal and corporate benefit.") (citations omitted); *Fountain Mktg. Group, Inc. v. Franklin Progressive Res., Inc.*, 1996 WL 406633, at *4 (N.D. Ill. July 16, 1996) (refusing to apply fiduciary shield doctrine to a chief executive officer who, along with his wife, owned all shares in company). "The determinative factor is the individual's status as a shareholder, not merely as an officer or director." *Plastic Film Corp. of Am., Inc. v. Unipac, Inc.*, 128 F.Supp.2d 1143, 1147 (N.D. Ill. 2001).

Here, Plotnick was Encore's chief operating officer and a member of Encore's board who

owned 1,433,349 (32.49%) shares of stock. Similarly, defendant Klein was the president of Encore and a member of its board. Klein owned 897,749 (20.35%) shares of stock. Plaintiff clearly has alleged that Plotnick and Klein "have a financial interest in the misconduct alleged in this Second Amended Complaint." (R. 36-1, Second Am. Compl. ¶ 18.) Defendants Plotnick and Klein thus stood to personally benefit from Encore's actions in Illinois. *See LaSalle Bank Nat'l Ass'n v. Epstein*, No. 99 C 7820, 2000 WL 283072, at *1 (N.D. Ill. Mar. 9, 2000) (rejecting application of fiduciary shield doctrine where defendant was CFO, held 25,000 shares of immediately exercisable stock options and had discretion). Moreover, because of their senior positions with Encore, "it is difficult to imagine them exercising more discretion."[2] *Netzky*, 2001 WL 521396 at *1. Here, equity does not compel the application of the fiduciary shield doctrine to protect Klein or Plotnick from the Court's exercise of personal jurisdiction over them under Illinois law.

Finally, Defendants' heavy reliance on *Telesphere Communications, Inc. v. U.S. Operators, Inc.*, 1991 WL 144197 (N.D. Ill. July 23, 1991) is misplaced. In *Telesphere*, the court upheld the applicability of the fiduciary shield doctrine because the plaintiff failed to allege that the individual defendant acted solely for his personal gain. The plaintiff also failed to allege that the corporation was a sham or a shell. Furthermore, the court in *Telesphere* issued its ruling only months after the Illinois Supreme Court first recognized the fiduciary shield doctrine in *Rollins*.

---

[2] Defendants' reliance on *Ristvedt-Johnson v. Peltz*, 1991 WL 255691 (N.D.Ill. Nov. 18, 1991) is not helpful because in *Ristvedt-Johnson* the plaintiff did not allege that the individual defendants held corporate offices where they could exercise significant discretion. Here, it is uncontested that Plotnick and Klein are high-ranking corporate officers. (R. 47-1, Defs.' Mot. to Dismiss, Ex. A ¶ 3; *Id.* Ex. B ¶ 3.)

Since *Telesphere*, the doctrine and its exceptions have evolved.[3] Courts currently refuse to apply the fiduciary shield doctrine in broader contexts. Accordingly, Defendants' reliance on *Telesphere* and the fiduciary shield doctrine is not appropriate. Their motion to dismiss is denied.

## CONCLUSION

Plotnick and Klein's Motion to Dismiss the Second Amended Complaint for lack of personal jurisdiction is denied. The fiduciary shield doctrine has no application where the individuals acted in their own personal interest and utilized their own discretion in making contacts with Illinois.

DATED: October 29, 2002              ENTERED

                                     _____
                                     AMY J. ST. EVE
                                     United States District Judge

---

[3] Many of the cases upon which defendant relies were decided **before** the Illinois Supreme Court's pivotal decision in *Rollins,* thus they are not instructive.

8